UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES LENART, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 3:21-CV-2603-L |
| EXPERIAN INFORMATION SOLUTIONS, INC. and NATIONSTAR MORTGAGE LLC, | | |
| Defendants. | | |

## JOINT STATUS REPORT

In accordance with the Court's Order Requiring Attorney Conference and Status Report, the parties, by and through respective counsel, file this Joint Status Report.

### I.
### MEETING

The parties began their conference on January 4, 2022, and continued discussions on the matters directed by the Court's Order through the date this report was filed by the parties.

### II.
### PROPOSED DISCOVERY PLAN

Pursuant to the Court's Order and Fed. R. Civ. P. 26(f)(3), the parties propose the following discovery plan:

**(A)  What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

No changes are requested to the timing, form, or requirement for disclosures under Rule 26(a). The parties have no objections to disclosure under Rule 26(a)(1). Disclosures will be made by the parties within the time outlined below.

**(B)  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

The parties agree that discovery should be made on subjects relevant to the Plaintiff's claims and Defendants' defenses. The parties reserve the right to object to excessive or otherwise improper written discovery requests.

The parties propose that discovery be completed in two phases, with fact discovery completed by November 14, 2022 and expert discovery completed by February 13, 2023.

**(C)** **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:**

The parties agree Electronic discovery should be produced by PDF documents. The parties will produce electronically stored information ("ESI") in unitized, fixed image format (e.g., .pdf or .tif). Plaintiff and Defendants reserve the right to redact from their respective ESI individually identifiable non-public personal information, medical or health related information, the production of which may be governed or limited by federal or state statute.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendants shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34.  Plaintiff and Defendants shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search.  If after a reasonable review of the production, Plaintiff or any Defendants determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist.  If the parties cannot reach an agreement, Plaintiff or any Defendants may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties further agree to accept service of discovery and other documents in this matter via e-mail or other methods of electronic service.

**(D)** **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:**

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure.  The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection.  The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the

challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties will work in good faith to submit a stipulated protective order to the Court to protect certain confidential and/or trade secret information.

Plaintiff agrees to execute a written authorization consenting to Nationstar's disclosure to third parties, substantive documents and information related to the debt Plaintiff owed to Nationstar. Disclosure of such may be produced and/or disclosed only and until Plaintiff executes such authorization consenting to Nationstar's disclosure of such documents and information to the other parties of this suit.

Additionally, production and/or disclosure of proprietary, confidential and/or non-public documents and information shall be disclosed only upon entry of a protective order.

**(E)** **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

| | |
|---|---|
| Number of Document Requests: | 25 per party |
| Number of Requests for Admission: | 30 per party |
| Number Factual Depositions: | 2 per party |
| 30(b)(6) Depositions: | 1 per party |
| Number of Rule 35 Medical Exams: | 1 of Plaintiff, if warranted |

The parties do not propose any additional limitations to discovery other than those set forth here and in the Federal Rules of Civil Procedure. The parties reserve the right to object to excessive or otherwise improper written discovery requests.

**(F)** **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):**

None. The parties agree that Defendants will file a Protective Order that is mutually agreeable to all parties, as needed to protect the production of confidential and/or proprietary documents and information. It is of note that some Defendants are direct business competitors with other co-defendants.

**(G)** **Specific Discovery Dates:**

| | |
|---|---|
| Initial Disclosures: | March 1, 2022 |
| Initial Disclosure Documents: | March 15, 2022 |
| Party Joinder: | May 16, 2022 |

| | |
|---|---|
| Amend Pleadings: | May 16, 2022 |
| Date of ID Experts/Report – Plaintiff: | December 5, 2022 |
| Date of ID Experts/Report – Defendant: | January 6, 2023 |
| Date of ID Rebuttal Expert/Report: | February 13, 2023 |

## III.
## ADDITIONAL MATTERS

**(1)    A brief statement of the nature of the case, including the contentions of the parties.**

Plaintiff: This action for damages is based on Defendants' false reporting on Plaintiff's credit reports of a mortgage account, failures to follow reasonable procedures, and failures to conduct reasonable investigations with respect to such information. This Complaint is for actual, statutory, and punitive damages, plus attorney's fees and costs pursuant to the Fair Credit Reporting Act ("FCRA"). Plaintiff also brings an action against Nationstar for damages based on the Real Estate Settlement Procedures Act ("RESPA") for failing to respond to a qualified written request and failure to correct servicing errors upon receiving a notice of error.

Experian: Defendant Experian Information Solutions, Inc. ("Experian") denies Plaintiffs' allegations that it violated the FCRA.  At all times, Experian followed reasonable procedures to assure the maximum possible accuracy of Plaintiffs' credit reports, and it conducted a reasonable re-investigation in response to receiving any dispute notice from Plaintiffs.

Nationstar: This action concerns a residential mortgage loan serviced by Nationstar, and Plaintiff's allegations that Nationstar has failed to correctly report his payments to the Defendant credit reporting agency.  As a result, Plaintiff brings a claim against Nationstar for violation of section 1681s-2(b) of FCRA for negligently and/or willfully failing to investigate his credit dispute, failing to note that the account was in dispute, and failing to update the account.  Based on the information currently available to it, Nationstar denies that it engaged in any conduct in violation of FCRA; denies that it is liable to Plaintiffs and denies that Plaintiff suffered any damages due to any alleged wrongful conduct by Nationstar.  Nationstar further denies that it acted with malice or willful or reckless disregard for Plaintiffs or their rights, particularly because it is reporting the account accurately.  Nationstar's investigation is ongoing, however, and it reserves the right to amend and/or supplement this summary and, by this statement, does not waive any defenses previously asserted or which it may assert to Plaintiff's claims.

**(2)    Any challenge to jurisdiction or venue.**

None of the parties have a challenge to jurisdiction or venue.

**(3)    Any pending or contemplated motions and proposed time limits for filing motions.**

The parties do not have any current or contemplated motions at this time. The parties propose a deadline of April 2023 for filing dispositive motions.

**(4)** **Any matters which require a conference with the court.**

There are no matters which require a conference with the court at this time.

**(5)** **Likelihood that other parties will be joined and the deadline for adding parties and amendment of pleadings.**

The parties do not believe that it is likely any other parties will be joined at this time. The parties propose that deadline for adding parties and amending pleadings be May 16, 2022.

**(6)** **(a) An estimate of the time needed for discovery, with reasons**

Approximately ten to twelve months as there are multiple defendants making this case more complex than a typical FCRA case.

**(b) A specification of the discovery contemplated**

Plaintiff: Plaintiff expects to discover facts and circumstances surrounding each and every allegation in complaint and in each answer or denial in each Defendant's answer or motion. Defendants' activities and process regarding how it ensures accuracy of consumer files, including Plaintiff's file. Subjects and facts and circumstances regarding investigation or reinvestigation of Plaintiff's consumer files. Facts and circumstances surrounding the disputed accounts and public record including documents relating to each account, any third parties who have allegedly denied Plaintiff credit. Plaintiff further intends to seek materials related to Nationstar's servicing of Plaintiff's account.

Experian: Experian expects to discover facts and circumstances in defense of the allegations in the Complaint and in support of its denials and affirmative defenses. Defendants' activities and process regarding how it ensures accuracy of consumer files, including Plaintiff's loan file. Facts and circumstances regarding reinvestigation of Plaintiff's consumer files. Facts and circumstances surrounding the disputed accounts and public record including documents relating to each account and any third parties who have allegedly denied Plaintiff credit.

Nationstar: Nationstar expects to discover facts and circumstances in defense of the allegations in Complaint and in support of its denials and affirmative defenses. Defendants' activities and process regarding how it ensures accuracy of consumer files, including Plaintiff's loan file. Subjects and facts and circumstances regarding investigation or reinvestigation of Plaintiff's consumer files. Facts and circumstances surrounding the disputed accounts and public record including documents relating to each account and any third parties who have allegedly denied Plaintiff credit. Nationstar further intends to produce materials related to its servicing of Plaintiff's account.

**(c) Limitations, if any, that should be placed on discovery**

There have been no discussions on limitations to discovery at this time, other than those contained herein.

**(7)** **A statement that counsel have read the *Dondi* decision, 121 F.R.D. 284 (N.D. Texas 1988), and that counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.**

Plaintiff's counsel and Defendants' counsels have read the *Dondi* decision and have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.

**(8)** **Requested trial date, estimated length of trial, and whether a jury has been demanded.**

The parties request June 2023 as trial date for this matter. The parties estimate the length of trial will be 3-4 days. A jury has been demanded by Plaintiff.

**(9)** **Whether the parties will consent to trial (jury or nonjury) before United States Magistrate Judge Irma Carrillo Ramirez per 28 U.S.C. § 636(c).**

The parties **did not** unanimously consent to a trial before a United States Magistrate Judge.

**(10)** **Prospects for settlement, and status of any settlement negotiations**.

Plaintiff believes there is a fair likelihood of settling with one or more Defendants prior to trial. Plaintiff has initiated settlement negotiations with Nationstar and is in the process of sending a formal demand to Experian. The Parties are committed to frequent discussions related to settlement and other issues relating to this matter.

**(11)** **Whether the parties will agree to mediation or to other alternative dispute resolution, and when it would be most effective (before discovery, after limited discovery, or at the close of discovery).**

The parties agree to mediation (or other alternative dispute resolution) and believe it would be most effective close to, but before the end of fact discovery and after the parties have engaged in informal settlement discussions but not later than November 15, 2022. The parties have agreed upon mediator, Jay Zeleskey, subject to availability.

**(12)** **Any other matters relevant to the status and disposition of this case.**

The parties have no other matters to bring before the Court that they believe are relevant to the status and disposition of this case.

**(13)** **Other Issues**

The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by

email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

The parties agree that there may be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. Such jointly proposed protective orders must include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

Defendant Nationstar proposes that, before a party moves for an order relating to discovery, that (1) the requesting party notify the other side, in writing, of the perceived deficiencies in discovery within thirty (30) days of receiving the challenged responses; and (2) permit the responding party no less than 30 days to cure the perceived defects. If the parties cannot resolve the dispute as set forth above, then they agree to request a conference with the Magistrate Judge before filing any motion regarding discovery. If the Magistrate Judge is not available for a conference or a party fails to comply with any directive issued by the Magistrate regarding discovery pursuant to any discovery conference, then the requesting party may file its discovery motion.

Date: January 19, 2022

Respectfully submitted,

| | |
|---|---|
| */s/ Blake R. Bauer* | */s/ Brenda A. Hard-Wilson* |
| **BLAKE R. BAUER** | **BRENDA A. HARD-WILSON** |
| TX Bar No. 0396262 | TX Bar No. 24059893 |
| **FIELDS LAW FIRM** | bhard-wilson@mcguirewoods.com |
| 9999 Wayzata Blvd. | **MCGUIREWOODS LLP** |
| Minnetonka, MN 55305 | 2000 McKinney Ave., Suite 1400 |
| Tel: (612) 206-3489 | Dallas, TX 75201 |
| Fax: (612) 370-4256 | Telephone (214) 932-6499 |
| blake@fieldslaw.com | |
| *Lead Counsel for Plaintiff* | *Counsel for Nationstar Mortgage LLC D/B/A Mr. Cooper* |

| | |
|---|---|
| And<br><br>*s/ Jonathan A. Heeps*<br>**JONATHAN A. HEEPS**<br>State Bar No. 24074387<br>jaheeps@heepslaw.com<br>**LAW OFFICE OF JONATHAN HEEPS**<br>Post Office Box 174372<br>Arlington, TX 76003<br>Telephone (682) 738-6415<br><br>*Local Counsel for Plaintiff* | */s/ Elijah Stone* _____<br>**ELIJAH STONE**<br>TX Bar No. 24110413<br>estone@jonesday.com<br>**JONES DAY**<br>2727 N. Harwood St.<br>Dallas, TX  75201<br>Telephone (214) 969-4882<br>Facsimile (214) 969-5100<br><br>*Counsel for Experian Information Solutions, Inc.* |